**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

James Alfonza Biggs, III, Appellant.

Appellate Case No. 2018-000393

———————

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-169
Submitted May 1, 2020 – Filed June 3, 2020

———————

**AFFIRMED**

———————

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Samuel Marion Bailey, all of Columbia, for Respondent.

———————

**PER CURIAM:**  James Alfonza Biggs, III appeals his two convictions of murder and concurrent sentences of life imprisonment.  On appeal, Biggs argues the trial court erred by denying his motion for a directed verdict.  He further contends the trial court erred by refusing to provide a jury instruction for voluntary manslaughter.  We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:

1.  We hold the trial court did not err in denying Briggs's motion for a directed verdict because the State produced substantial circumstantial evidence of Biggs's guilt to warrant submission of the case to the jury.  *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("When reviewing a denial of a directed verdict, [the appellate c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-3-10 (2015) (defining murder as "the killing of any person with malice aforethought, either express or implied").  Specifically, the State produced witnesses who testified they saw Biggs's car at the scene of the murder and saw Biggs flee the scene after the witnesses heard gunshots.

2.  We hold the trial court did not err in refusing to instruct the jury on the law of voluntary manslaughter because the evidence adduced at trial did not establish Biggs acted in the sudden heat of passion under sufficient legal provocation.  *See State v. Cole*, 338 S.C. 97, 101, 525 S.E.2d 511, 512 (2000) ("The law to be charged must be determined from the evidence presented at trial."); *id.* at 101, 525 S.E.2d at 513 ("To warrant a court's eliminating the offense of manslaughter, it should very clearly appear that there is no evidence whatsoever tending to reduce the crime from murder to manslaughter."); *State v. Gibson*, 390 S.C. 347, 356, 701 S.E.2d 766, 770-71 (Ct. App. 2010) ("In order to amount to reversible error, the failure to give a requested charge must be both erroneous and prejudicial."); *Cole*, 338 S.C. at 101, 525 S.E.2d at 513 ("Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation."); *id.* ("Heat of passion alone will not suffice to reduce murder to voluntary manslaughter."); *id.* ("Both heat of passion and sufficient legal provocation must be present at the time of the killing.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.